**Caption in compliance with D.N.J. LBR 9004-1(b)**
NORGAARD O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ  07631
(201) 871-1333
Attorneys for Debtors
*By:  John O'Boyle, Esq. (JO - 6337)*
*    joboyle@norgaardfirm.com*

| In Re:<br><br>**ALEXANDRE DACOSTA and<br>VIVIANNE ANTUNES**<br><br>Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Chapter 13<br><br>Case No. 22-18303 RG<br><br>HEARING DATE:  December 7, 2022 |
|---|---|

**CERTIFICATION IN SUPPORT OF MOTION FOR ORDER CONVERTING CASE TO CHAPTER 11 AND DIRECTING JOINT ADMINISTRATION WITH CHAPTER 11 CASE OF BAV AUTO, LLC**

Alexandre Dacosta and Vivianne Antunes certify as follows:

1. We are the Debtors in the above-captioned matter.  We make this certification in support of our motion to convert the above-captioned case to a Chapter 11, Subchapter V case pursuant to 11 U.S.C. Sec. 1307(d), and for Joint Administration of the case with the Chapter 11, Subchapter V case of BAV Auto, LLC (22-17933 JKS).

2. We are husband and wife.  Vivianne Antunes is the owner of 100% of the shares in BAV Auto, LLC; Alexandre Dacosta operates and manages that company.

3. On October 6, 2022, BAV Auto, LLC filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code.  On October 19, 2022, we filed our own petition for relief under Chapter 13 of the Bankruptcy Code.

3.  On October 31, 2022, BAV filed its schedules and statements in its case pursuant to Bankruptcy Code Sec. 521(a)(1). On November 14, 2022, we filed our schedules and statements in our own case.

4.  The great majority of the claims asserted against BAV are identical to the claims asserted against us. These include claims against BAV that one or both of us might have guaranteed, and claims held by parties who maintain that both BAV and we are liable.

5.  As we prepared our own schedules and the schedules for BAV, we learned that the amount of the claims against us exceed the debt limits for chapter 13 prescribed in 11 U.S.C. Sec. 109(e).

6.  By way of this motion, we seek conversion of our case to Chapter 11, Subchapter V pursuant to Bankruptcy Code Sec. 1307(d), and joint administration of the case with the Case of BAV for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

7.  Pursuant to 11 U.S.C. Sec. 109(d), we are permitted to be debtors under Chapter 11 of the Bankruptcy Code.

8.  We request that the Court maintain one file and one docket for the two jointly administered cases under the BAV Auto, LLC case docket, and that the cases be administered under a consolidated caption, as follows:

| | | |
|---|---|---|
| In re: | : | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE |
| BAV AUTO, L.L.C. | : | |
| Debtor. | : | Case No. 22-17933 JKS |
| | : | (Jointly Administered)[1] |

---

1 The jointly administered Debtors are Alexandre Dacosta and Vivianne Antunes, having SSNs with the last four digits of 2325 and 0411, respectively, and BAV Auto, L.L.C., having a TIN with the last four digits 7479.

9. We respectfully submit that the foregoing caption satisfies the requirements set forth in Bankruptcy Code Sec. 342(c)(1) and Bankruptcy Rule 2002(n).

10. In addition, we request that the Court make separate docket entries in the dockets of each of the cases, substantially as follows:

> An Order has been entered in this case directing the joint administration of the Chapter 11 cases listed below. The docket in Case Number 22-17933 should be consulted for all matters affecting this case. The following Chapter 11 cases are jointly administered for procedural purposes only pursuant to the joint administration order:
>
> Alexandre Dacosta and Vivianne Antunes 22-18303
> BAV Auto, L.L.C. 22-17933

11. Bankruptcy Rule 1015(b) provides:

> If a joint petition or two or more petitions are pending in the same court by or against (1) spouses, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates.

Fed. R. Bankr. P. 1015(b). Debtors are affiliates within the meaning of Bankruptcy Code section 101(2) because Vivianne Antunes owns more than twenty percent of the voting interests BAV.

12. Under Sec. 105(a) of the Bankruptcy Code, this Court has power to order the joint administration of the cases. We submit that, in light of our affiliation with BAV and the identity of the claims in both cases, the joint administration of the cases will aid in expediting the cases and render administration and adjudication more efficient and economical.

13. Furthermore, we anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in each case will affect both BAV and us. Thus the cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, applications, and orders, and thereby save considerable time and expense for the estates.

14. We understand that joint administration will not excuse either BAV or us from the obligation to file separate operating reports. We intend to keep our financial affairs distinct from those of BAV, and to perform our duty to file monthly operating reports separately form BAV's.

16. Joint administration will also protect creditors and parties-in-interest by ensuring that they will be apprised of the various matters before this Court involving each Debtors.

17. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Chapter 11 cases because each creditor may still file its claim against a particular estate. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

18. Accordingly, we submit that joint administration of the above-captioned Chapter 11 case with the case of BAV is in the best interests of the debtors and the estate, as well as the best interests of their creditors and all other parties-in-interest.

WHEREFORE, we Debtors respectfully request the entry of an order, in substantially the form submitted herewith, directing the conversion of the above-captioned case to Chapter 11, Subchapter V and the joint administration of the case with the case of BAV Auto, L.L.C.

We certify that the forgoing statements are true. We are aware that if the foregoing statements are willfully false, we are subject to punishment.

Dated: 11/14/2022        /s/ Alexandre Dacosta_____
                                 Alexandre Dacosta

Dated: 11/14/2022        /s/ Vivianne Antunes_____
                                 Vivianne Antunes