UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Peter J. D'Auria, Esq. (PD 3709)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-Mail: Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| BAV Auto, LLC, | : | Case No. 22-17933(JKS) |
| Debtor. | : | |
| In re: | : | Chapter 11 |
| Alexandre Dacosta and Viviane Antunes, | : | Case No. 22-18303(JKS) |
| Debtors. | : | |

Hearing Date: Dec. 13, 2022 at 10:00 a.m.
Judge: Honorable John K. Sherwood

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE
ENTRY OF AN ORDER JOINTLY ADMINISTERING THE CASES
AND
LIMITED OBJECTION TO INDIVIDUAL DEBTORS' MOTION FOR
ENTRY OF AN ORDER CONVERTING THEIR CASE TO
<u>CHAPTER 11, SUBCHAPTER V</u>**

THE UNITED STATES TRUSTEE ("UST"), by and through counsel, in furtherance of his duties and responsibilities, hereby respectfully asserts this Objection to the Entry of an Order Jointly Administering the Cases, and this Limited Objection to the Individual Debtors' Motion

Page 1 of 5

for Entry of an Order Converting their Case to Chapter 11, Subchapter V, (the "UST Objection"), and respectfully asserts as follows:

## BACKGROUND

1. On October 6, 2022, (the "Corporate Petition Date"), BAV Auto LLC (the "Corporate Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code under case number 22-17933(JKS) (the "Corporate Case"). *See* ECF No. 1 of the Corporate Case. To date, the Corporate Debtor remains in possession of its property and management of its affairs as a debtor-in-possession.

2. On October 19, 2022, (the "Individuals Petition Date"), Alexandre J. Dacosta and Vivianne C. Antunes (the "Individual Debtors") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case number 22-18303(JKS) (the "Individuals Case"). *See* ECF No. 1 of the Individuals Case.

3. On November 16, 2022, the Corporate Debtor filed its Motion for an Order Directing Joint Administration with the Individual Debtors' Case (the "Corporate Motion"). *See* ECF No. 24 of the Corporate Case.

4. Also on November 16, 2022, the Individual Debtors filed their Motion for an Order Converting Case to Chapter 11 and Directing Joint Administration with the Corporate Debtor's Case (the "Individuals' Motion"). *See* ECF No. 16 of the Individuals Case.

## OBJECTION TO JOINT ADMINISTRATION

5. Although the granting of joint administration of related cases is common, and often serves certain administrative efficiencies, there are circumstances where such joint administration could cause more confusion than is worthwhile. It is respectfully asserted that, given the nature of these cases, and the distinct nature of the asset pools and creditor bodies of

the cases in question, the Corporate Case and the Individuals Case would be better served without joint administration.

6. Upon information and belief, the Corporate Debtor is no longer operating, and the State of New Jersey has revoked the Corporate Debtor's used car dealer license. Pursuant to recent pleadings by the Corporate Debtor, the Corporate Debtor is attempting to find a buyer for its vehicle inventory, and is working toward a liquidating plan. *See*, *Certification of Alexandre J. Dacosta, Operations Manager of Debtor, BAV Auto, LLC, in Limited Opposition to Motion for Relief from the Automatic Stay for Secured Creditor, Automotive Finance Corp*, docket entry 30 of the Corporate Case, ¶ 3. It appears that the Corporate Case is a non-operating, liquidating case.

7. The Individuals Case (which as of the date of this UST Objection is pending under Chapter 13 of the Bankruptcy Code) appears to have been filed in an attempt to preserve certain assets, including but not limited to a piece of real estate, namely 80 Columbia Avenue, Kearney NJ, listed on Schedule A/B with a value of $435,000.00, with a mortgage on Schedule D in the amount of $189,253.00. *See*, Individual Debtor's Schedules filed at docket entry 11 of the Individuals Case. It appears that the Individual Debtors' case is not a liquidating case.

8. With that, the Corporate Debtor's case appears to be a liquidating case, the Individual Debtors' case appears to not be a liquidating case, and that likely means the cases will have distinct paths, and possibly distinct timelines, as in each of these pending cases proceed. Such scenario makes joint administration more confusing than helpful. The UST respectfully objects to joint administration of the Corporate Case and the Individuals Case.

9. Additionally, the UST respectfully highlights that the proposed orders filed with both pending motions proposes that the cases be consolidated for procedural purposes only; this

suggests that the only proposal in the pending motions is joint administration, and not substantive consolidation. In an abundance of caution, the UST objects to any substantive consolidation at this time. A first review of the schedules in these cases indicates that the asset pools, and the creditor bodies, are significantly distinct. With regard to assets, the Individual Debtors schedule the real estate at 80 Columbia Avenue, Kearney NJ, vehicles that include two (2) BMWs, a Porsche, and a Lamborghini, bank accounts with an aggregate cash value of approximately $143,000.00, and two (2) personal injury settlements in the aggregate amount of approximately $71,000.00, all of which are assets that do not appear on the Corporate Debtor's schedules. *See*, Schedule A/B filed in the Individuals Case at docket entry 11. With regard to debts, there are a number of creditors listed in the Individuals Case that are not included in the Corporate Case, but just a few illustrate how very distinct the creditor bodies are, those being Ally Financial at $24,830.48 (Schedule E/F entry 4.2), Best Egg at $22,465.00 (Schedule E/F entry 4.8), Discover Bank at $39,563.00 (Schedule E/F entry 4.18), Discover Personal Loans at $21,826.00 (Schedule E/F entry 4.20), Lending Bank at $40,341.00 (Schedule E/F entry 4.29), Lightstream at $97,499.00 (Schedule E/F entry 4.31), and SOFI Bank at $40,000.00 (Schedule E/F entry 4.39). *See*, Schedule E/F filed in the Individuals Case at docket entry 13. It is respectfully asserted, in an abundance of caution in the event the motions seek relief beyond joint administration, that the motions as presented do not satisfy the applicable standards for substantive consolidation. *See*, *In re Owens Corning*, 419 F.3d. 195 (3rd Cir. 2005).

**LIMITED OBJECTION REGARDING INDIVIDUAL DEBTORS' REQUEST TO CONVERT THEIR CASE TO CHAPTER 11, SUBCHAPTER V**

10.     The Certification filed in support of the Individuals' Motion states that the Individual Debtors seek to have their case converted to Chapter 11, Subchapter V. *See*,

Certification in Support of Individuals' Motion, filed at docket entry 16-1 of the Individual Case, ¶¶ 1 and the WHEREFORE clause.

11. The UST does not object to the Individual Debtors' request to convert their case to Chapter 11. Moreover, the UST does not object to the Individual Debtors' attempting to choose to proceed under Subchapter V of Chapter 11. The UST objects to any request by the Individual Debtors, at this juncture in time in connection with converting their case out of Chapter 13, for a ruling as to their eligibility to be debtors under Subchapter V of Chapter 11. The UST respectfully requests that all parties, including but not limited to the UST, have their rights reserved to challenge whether the Individual Debtors' attempt to proceed under Subchapter V is proper, after a full and fair opportunity to examine the Individual Debtors in a Chapter 11 341 Meeting, and pursuant to the timeline as provided by Federal Rule of Bankruptcy Procedure 1020.

WHEREFORE, for the foregoing reasons, the UST respectfully requests that this Court deny the Corporate Motion and the Individuals' Motion as presented, and grant such other and further relief that is deemed just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 AND 9

 /s/ Peter J. D'Auria
Peter J. D'Auria
Trial Attorney

DATED: December 6, 2022