| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, NJ  07631<br>(201) 871-1333<br>Attorneys for Debtor-in-Possession<br>*By:  John O'Boyle (JO -6337)*<br>     joboyle@norgaardfirm.com | Order Filed on December 20, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey<br><br>Chapter 11 (Small Business Subchapter V) |
| In re:<br><br>**ALEXANDRE DACOSTA &<br>VIVIANNE ANTUNES**<br>                    Debtors. | Case No. 22-18303 JKS<br><br>Hearing Date:  December 14, 2022 |

**ORDER CONVERTING CASE TO CHAPTER 11, SUBCHAPTER V; PRESERVING RIGHTS OF INTERESTED PARTIES TO OBJECT TO SUBCHAPTER V SELECTION; CONTINUING HEARING ON DEBTORS' MOTION FOR JOINT ADMINISTRATION WITH CASE OF BAV AUTO, LLC; AND GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: December 20, 2022**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

THIS MATTER came to the attention of the court upon the motion of the Debtors Alexandre Dacosta and Vivianne Antunes for orders converting their case to Chapter 11 and directing the joint administration of their case with the Chapter 11 case of BAV Auto, L.L.C. (Case No. 22-17933 JKS). The motion was duly served upon all creditors and parties in interest in both cases. The United States Trustee objected to the Debtors' motion; no creditor or other party in interest objected or otherwise responded to the motion. Prior to the hearing, the Debtor, counsel to BAV Auto, L.L.C. and the United States Trustee agreed to submit this order resolving the matters. The Court finds good cause to make the following order.

**IT IS HEREBY ORDERED that:**

1. The above-captioned case is converted from Chapter 13 to Chapter 11.

2. Consistent with the Debtors' intentions as expressed in the Motion and in its supporting Certification, this Order shall memorialize the Debtor's choice to proceed under Subchapter V of Chapter 11 without the need to file an amended bankruptcy petition or other notice.

3. As of the entry of this Order, this case shall proceed under Subchapter V of Chapter 11 of the Bankruptcy Code. Notwithstanding, all parties-in-interest, including but not limited to the United States Trustee, shall have their rights reserved to review and consider the Debtors' eligibility to proceed under Subchapter V of Chapter 11, and to file an objection thereto in accordance with Federal Rule of Bankruptcy Procedure 1020 within thirty days following the conclusion of a meeting of creditors held under section 341(a) of the Bankruptcy Code conducted in connection with the chapter 11 pendency of this case.

4. Within 14 days of the date of this order, the Debtors shall file amendments to previously filed schedules and statements as necessary.

5. The Debtors shall pay the fee for the conversion of the case in the amount of $932.00 immediately. If the fee is not paid within 14 days of the date of this order, the above-captioned case will be dismissed without further notice.

6. The United States Trustee shall immediately appoint a Chapter 11, Subchapter V trustee in this case.

7. The Chapter 13 Trustee shall:

   A. immediately turnover to the Debtors all records and property of the estate in his or her custody or control;

   B. Within 30 days of the date of this order, file an accounting of all receipts and distributions made, together with a report on the administration of the case; and

   C. Within 30 days of the date of this order, file a request for payment of administrative expenses, if appropriate.

8. The Court shall continue the hearing on the Debtor's motion to consider whether a further order directing the joint administration of the case with the case of BAV Auto, L.L.C. should be entered to January 17, 2023 at 10 A.M.

9. Regardless of whether or not this Court directs joint administration of the two cases, the rights of both the Debtors and BAV Auto, L.L.C. to propose a Joint Chapter 11 Plan in their case(s) is preserved.