**Exhibit C**

Guaranty

# **GUARANTY**

TO: Vero Finance Technologies, Inc. dba Lever Auto (the "<u>Lender</u>")

RE: BAV AUTO LLC T/A Costas Auto Gallery (the "<u>Borrower</u>")

Vivianne C. Antunes Alexandre J. Dacosta (the "<u>Guarantor</u>")

DATE: 04 / 19 / 2022

    FOR VALUE RECEIVED, to induce you to extend floorplan financing and or other credit to Borrower now and from time to time in the future without notice to the undersigned, including pursuant to a Floorplan Credit and Security Agreement dated on or about the date hereof (any and all such financing and other credit, the "Obligations"), and in consideration thereof, the undersigned Guarantor absolutely and unconditionally guarantees the full and punctual payment to you of all sums that may be presently due and owing and of all sums that may become due and owing to you from Borrower, including all principal, interest, fees, charges, and attorneys' fees, including amounts accruing after the filing of a bankruptcy petition by or against Borrower, notwithstanding the discharge of Borrower from such obligations, together with all costs and expenses incurred by you including attorneys' fees seeking to enforce the Obligations. Guarantor has interests in Borrower and will directly and indirectly benefit from your extending credit to Borrower.

    You may enforce this Guaranty on multiple occasions, each time without the necessity of joinder of any other guarantors or any other person. This Guaranty is a continuing guaranty and shall remain in full force and effect until all Obligations are unconditionally paid in full and the Borrower and you have terminated all agreements between you. The Obligations may increase and decrease and may go to zero from time to time without effecting the validity of this guaranty for future outstanding Obligations.

Guarantor also agrees that:

(1) this Guaranty shall not be impaired by any modification, supplement, extension, renewal or amendment of any contract or agreement to which the parties thereto may hereafter agree, nor by any modification, increase, release or other alteration of any of the obligations hereby guaranteed or of any security therefor, nor by any agreements or arrangements whatsoever with Borrower or anyone else, all of which may be done without notice to Guarantor;

(2) the liability of Guarantor hereunder is direct and unconditional and due immediately upon default of Borrower without demand or notice and without requiring you first to resort to any other right, remedy or security;

(3) Guarantor shall have no right of subrogation, reimbursement or indemnity whatsoever, nor any right of recourse to security for the debts and obligations of Borrower to you;

(4) the liability of Guarantor is unlimited and joint and several with the liabilities of any other guarantors;

(5) if Borrower or Guarantor or any other guarantor should at any time become insolvent or make a general assignment, or if a petition in bankruptcy or any insolvency or reorganization proceedings shall be filed or commenced by, against or in respect of Borrower or Guarantor, or any other guarantor of the obligations guaranteed hereby, any and all obligations of Guarantor shall be immediately due and payable without notice;

(6) your books and records showing the balance between you and Borrower shall be admissible in any action or proceeding, and shall constitute conclusive proof thereof absent manifest error;

(7) this Guaranty is, as to Guarantor, a continuing Guaranty that shall remain effective under successive transactions until expressly terminated as hereinafter provided;

(8) the death of Guarantor shall not effect the termination of this Guaranty;

DM3\7510068.4

Doc ID: f790adf3752549a5cc5d01ce199f38c71e743b7b

(9) termination of any guaranty of the obligations guaranteed hereby by any other guarantor shall not affect the continuing liability hereunder of Guarantor;

(10) nothing shall discharge or satisfy the liability of Guarantor hereunder except the full indefeasible payment and performance of all of Borrower's debts and obligations to you with interest and costs of collection;

(11) this Guaranty shall not be affected by the illegality, invalidity or unenforceability of the obligations guaranteed, by any fraudulent, illegal or improper act by Borrower, the legal incapacity or any other defense of Borrower, Guarantor or any other person obligated to you consequential to transactions with Borrower nor by the invalidation, by operation of law or otherwise, of all or any part of the obligations guaranteed hereby, including but not limited to any interest accruable on the obligations guaranteed hereby during the pendency of any bankruptcy or receivership proceeding of Borrower;

(12) any and all present and future debts and obligations of Borrower to Guarantor are hereby waived and postponed in favor of and subordinated to the full indefeasible payment and performance of all present and future debts and obligations of Borrower to you, and Guarantor shall accept no payments on any such debts and obligations except to the extent permitted by you in writing;

(13) if at any time payment of all or any part of the obligations guaranteed hereunder is rescinded or otherwise must be restored by you to Borrower or to the creditors of Borrower or any representative of Borrower or representative of Borrower's creditors as a voidable preference or fraudulent transfer of conveyance upon the insolvency, bankruptcy or reorganization of Borrower or Guarantor, or to the creditors of Guarantor or any representative of Guarantor or representative of the creditors of Guarantor upon the insolvency, bankruptcy or reorganization of Guarantor or otherwise, this Guaranty shall continue to be effective or be reinstated, as the case may be, as though such payments had not been made, and shall survive as an obligation of Guarantor, and shall not be discharged or satisfied by said payment or payments, notwithstanding the return of the original of this Guaranty to Guarantor or to Borrower, or any other apparent termination of Guarantor's obligations hereunder;

(14) any rights and remedies available to you under this Guaranty are cumulative, and not exclusive of any rights and remedies otherwise available to you;

(15) your delay or omission in exercising any of your rights and remedies shall not constitute a waiver of these rights and remedies, nor shall your waiver of any right or remedy operate as a waiver of any other right or remedy available to you.  Your waiver of any right or remedy on any one occasion shall not be considered a waiver of same on any subsequent occasion, nor shall this be considered to be a continuing waiver;

(16) it shall indemnify and hold you and your directors, officers, employees, agents and attorneys harmless against all claims, obligations, demands and liabilities, by whomsoever asserted, and against all losses in any way suffered, incurred or paid as a result of or in any way arising out of or following or consequential to transactions with Borrower, except for any claim arising out of the gross negligence or willful misconduct of the Lender, its officers, directors, employees or agents;

(17) this Guaranty incorporates all discussions and negotiations between you and Guarantor concerning the guaranty and indemnification provided by the undersigned hereby, and that no such discussions or negotiations shall limit, modify, or otherwise affect the provisions hereof, there are no preconditions to the effectiveness of this Guaranty and that no provision hereof may be altered, amended, waived, canceled or modified, except by a written instrument executed, sealed and acknowledged by your duly authorized officer; and

(18) this Guaranty and all documents which have been or may be hereinafter furnished by Guarantor to you may be reproduced by you by any photographic, electronic, photostatic, microfilm, xerographic or similar process, and that any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

Guarantor waives: notice of acceptance hereof, presentment and protest of any instrument and notice

thereof, notice of default and all other notices to which Guarantor might otherwise be entitled; and any and all defenses, including without limitation, any and all defenses which Borrower or any other party may have to the fullest extent permitted by law, any defense to this Guaranty based on impairment of collateral or on suretyship defenses of every type, and any right to exoneration or marshalling. To the extent that s/he lawfully may, Guarantor hereby further agrees not to invoke any law relating to the marshalling of collateral which might cause delay in or impede the enforcement of your rights under this Guaranty or otherwise respecting the guaranteed obligations, and to the extent that he lawfully may do so, Guarantor hereby irrevocably waives the benefits of all such laws. Except as otherwise provided by applicable law, you shall have no duty as to the collection or protection of any collateral, if any, securing the guaranteed obligations beyond the safe custody thereof.

Guarantor will from time to time execute and deliver to you, and take or cause to be taken, all such other further action as you may request in order to effect and confirm or vest more securely in you all the rights contemplated in this Guaranty or respecting any of the obligations guaranteed hereby or to comply with applicable statute or law.

If any provision of this Guaranty is found to be invalid, illegal or unenforceable, or this Guaranty is for any reason not enforceable against any Guarantor, the validity of the remainder of the Guaranty and/or its validity against other Guarantors shall not be affected.

If and to the extent that applicable law permits the Guarantor to withdraw or revoke this guaranty, any such withdrawal or revocation shall be in writing and shall be effective 45 days after Lender's receipt, and shall not alter or impair Guarantor's responsibility for Obligations outstanding or committed prior to the effective date, regardless of the adequacy of collateral or other security or whether and when Lender seeks to enforce the Obligations.

Any and all matters in dispute between the Guarantor and the Lender, whether arising from or relating to this Guaranty itself, or arising from alleged extra-contractual facts prior to, during, or subsequent to this Guaranty, including, without limitation, fraud, misrepresentation, negligence or any other alleged tort or violation of the contract, shall be governed by, construed, and enforced in accordance with the laws of New York, regardless of the legal theory upon which such matter is asserted. This Guaranty has been accepted by Lender at its office in New York City, New York. Guarantor irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in New York City, New York over any suit, action or proceeding arising out of or relating to this Guaranty. Guarantor irrevocably waives, to the fullest extent he may effectively do so under applicable law, any objection he may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum. Guarantor hereby consents to any and all process which may be served in any such suit, action or proceeding, (i) by mailing a copy thereof by registered and certified mail, postage prepaid, return receipt requested, to Guarantor's address on Lender's records and (ii) by serving the same upon Guarantor in any other manner otherwise permitted by law, and agrees that such service shall in every respect be deemed effective service upon Guarantor.

The undersigned agrees to pay on demand all costs and expenses including attorneys' fees you may incur in connection with the collection and enforcement of this Guaranty.

To the extent North Carolina law applies, the undersigned waves all of his, her or its rights, if any, under North Carolina General Statute Chapters 26-7 through 26-9 and under Chapter 25-3-605.

**GUARANTOR AND YOU EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS GUARANTY, THE OBLIGATIONS GUARANTEED HEREBY, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED. GUARANTOR CERTIFIES THAT NEITHER YOU NOR ANY OF YOUR REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT YOU WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.**

This Guaranty is executed as an instrument under seal as of the date first above written.

| Vivianne C. Antunes | Alexandre J. Dacosta |
|---|---|
| _(signature)_ | _(signature)_ |
| Vivianne C. Antunes | Alexandre J. Dacosta |
| President | Vice President |
| 04 / 19 / 2022 | 04 / 19 / 2022 |

Signature Page to Guaranty

Doc ID: f790adf3752549a5cc5d01ce199f38c71e743b7b