| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, New Jersey 07631<br>Telephone No. (201) 871-1333<br>Counsel to Debtors, Alexandre Dacosta<br>And Vivianne Antunes<br>By:  John O'Boyle, Esq. (6337)<br>       *joboyle@norgaardfirm.com* | Chapter 11<br><br>Subchapter V |
| **In re:**<br><br>   **ALEXANDRE DACOSTA and**<br>      **VIVIANNE ANTUNES,**<br><br>                              **Debtors.** | Case No. 22-18303 JKS<br><br>(Jointly Administered)[1]<br><br>Hearing Date:  TBD |

**MEMORANDUM IN SUPPORT OF MOTION FOR AUTHORIZATION TO SELL AUTOMOBILE FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO BANKRUPTCY CODE SEC. 363(b) AND (f) AND FOR APPROVAL OF SUCH SALE SUBJECT TO HIGHER AND BETTER OFFERS, FOR PAYMENT OF ALLOWED EXEMPTIONS, AND FOR RELIEF FROM THE 14-DAY STAY OF FED. R. BANKR. P. 6004(h)**

Alexandre Dacosta and Vivianne Antunes (the "Debtors"), the Debtors in the above-captioned Chapter 11 Case, through their counsel, submit the following Memorandum in support of their Motion for Authorization to sell the estate's interest in their 1988 BMW 325i motor vehicle, free and clear of liens pursuant to 11 U.S.C. Sec. 363(b) and for approval of the sale subject to higher and better offers, and for relief from the 14-day stay of Fed. R. Bank. P. 6004(h).

---

[1] The jointly administered Debtors are Alexandre Dacosta and Vivianne Antunes, having SSNs with the last four digits of 2325 and 0411, respectively, and BAV Auto, L.L.C., having a TIN with the last four digits 7479.

**STATEMENT OF FACTS**

The Debtors commenced the above-captioned case by filing a petition for relief under chapter 13 of the Bankruptcy Code on October 19, 2022. By order dated December 20, 2022, the case was converted our case to Chapter 11, Subchapter V (Docket No. 40). By order dated February 13, 2023, the Court directed the joint administration of the case with the companion case of BAV Auto, LLC, case no. 22-17933 (Docket No. 81).

At the commencement of the case, the Debtors owned a 1988 BMW 325i automobile with approximately 100,000 miles. On their Schedule A/B, they estimated the car's value to be approximately $15,000.00. On each of their separate schedule C's, the Debtors claimed exemptions in the amount of $2,200.00 under Code Sec. 522(d)(2). No party objected to the claims of exemptions.

The Debtors have received an offer to purchase the car from Filipe Santos for $15,000.00. The Debtors arrived at the proposed sale price at arms-length, and the Debtors have no prior relationship with Mr. Santos. The Debtors believe that the $15,000.00 proposed sale price is fair and favorable. It is consistent with their prepetition estimates, and with sale reports and estimated values found in the Debtors' research of online sources.

The Debtors respectfully request the court to approve the proposed sale of the Property, subject to higher or better offers made prior to final court approval, and respectfully submit that such approval will be in the best interest of the creditors and the estate.

**RELIEF REQUESTED**

A.  **The sale should be authorized under Bankruptcy Code Sec. 363(b), subject to higher or better offers, and the Trustee should be authorized to sell the Property.**

Section 363(b) of the Bankruptcy Code governs sales of assets outside the ordinary course of business and provides as follows:

2

> The trustee [or debtor-in-possession], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b)(1). Bankruptcy Rule 6004(f) authorizes sales outside of the ordinary course of business to be conducted privately or by public auction.

It is well settled that a decision to sell assets outside the ordinary course of business must be based upon the sound business judgment of the trustee. See, e.g. In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); In re Delaware & Hudson Railway Co., 124 B.R. 169, 175-76 (D. Del. 1991); In re Titusville Country Club, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); In re Sovereign Estates, Ltd., 104 B.R. 702, 704 (Bankr. E.D. Pa. 1989); In re Conroe Forge & Manufacturing Corp., 82 B.R. 781, 783-86 (Bankr. W.D. Pa. 1988); In re Industrial Valley Refrigeration & Air Conditioning Supplies, Inc., 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987).

Courts typically consider the following when determining whether a proposed sale satisfies the aforementioned standard:

> (a) whether a sound business justification exists for the sale;
>
> (b) whether adequate and reasonable notice of the sale was given to interested parties;
>
> (c) whether the sale will produce a fair and reasonable price for the property; and
>
> (d) whether the parties have acted in good faith.

See, e.g., In re Weatherly Frozen Food Group, Inc., 149 B.R. 480, 483 (Bankr. N.D. Ohio 1992); Delaware & Hudson, 124 B.R. 169.

The Debtors respectfully submit that the factors described above are satisfied. The need to realize the equity in the car to fund a plan and pay exemptions is a sound business justification for the proposed sale. Notice of this Application for approval of the transaction is being provided to all known creditors and other parties in interest. The $15,000.00 price is reasonable

3

in light of the Property's condition and the evidence of value provided to the Debtors. Further, the Debtors' proposal to sell the Property is made subject to higher or better offers at the hearing on the within motion.

Finally, the sale is proposed in good faith. The Buyer is a "good faith" purchaser with whom the Debtors have negotiated an arms-length transaction. The Buyer clearly satisfies the requirements of Section 363(b) of the Bankruptcy Code.

**B.    The sale free and clear of liens should be authorized under Bankruptcy Code Sec. 363(f)**

The Bankruptcy Code authorizes the Debtors to sell property of the estate free and clear of any interest or lien in such property if one of the following five criteria is met:

> (1)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (2)    such entity consents;
>
> (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)    such interest is in bona fide dispute; or
>
> (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. Sec. 363(f). The language of Section 363(f) of the Bankruptcy Code is in the disjunctive, such that a sale free and clear of interests can be approved if any one of the aforementioned conditions is satisfied. See In re Heine, 141 B.R. 185, 189 (Bankr. D.S.D. 1992); In re Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988).

In this case, a sale free and clear of liens, claims and interests is appropriate. The Debtors require authority to sell free and clear of liens, claims and interests to address the possibility that a party may assert a lien or interest that they have not previously been informed of or discovered

4

through searches of the vehicle, and to assure the buyer that he is acquiring clean title. Upon information and belief, there are no holders of liens or judgments covering the Property and no party has executed upon any property of the Debtor prior to commencement of the case. Thus the $15,000.00 purchase price is greater than the sum of any liens. Clearly, the sale may be authorized under Bankruptcy Code Sec. 363(f)(3).

**C.     Relief from the 14 Day Stay of Bankruptcy Rule 6004(h) should be granted.**

Pursuant to Fed. R. Bankr. P. 6004(h), unless the Court orders otherwise, an order authorizing the sale of the Property pursuant to Section 363 of the Bankruptcy Code is automatically stayed for fourteen (14) days after entry of the order. The purpose of the rule is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented.

The 14-day stay may be eliminated to allow a sale or transaction to close immediately, particularly where there have been no objections to the sale. Applicant respectfully submits that waiver of the fourteen (14) day period is appropriate so the parties can close the transaction promptly, preventing the erosion of the estate's anticipated recovery through the accrual of additional interest on the mortgage loan and additional postpetition real estate tax liability.

**E.     The Debtors should be permitted to retain their exemptions in the car.**

The Debtors also requests authority to recover each of their $2,200.00 exemptions in the car (for a total of $4,400) so they can access the funds prior to final administration of the estate. Such relief is appropriate, as no party objected to their claims of exemption within the time permitted by Fed. R. Bankr. P. 4003(b)(1).

WHEREFORE, the Debtors respectfully request this Court to enter an order authorizing them to sell their 1988 BMW 325i free and clear of liens pursuant to Bankruptcy Code Sec.

363(b) and (f) to Filipe Santos for the price of $15,000.00, or to the bidder making the highest and best offer approved at the hearing on the within motion; granting relief from the 14-day stay of Fed. R. Bankr. P. 6004(h); permitting the Debtors to retain their allowed exemptions in the car, and requiring the Debtor to hold the balance pending further order of the Court.

                            Respectfully submitted,

Dated: 3/15/2023                                 /s/ John O'Boyle
                                            John O'Boyle, Esq.
                                            Norgaard O'Boyle & Hannon
                                            Counsel to Debtors