UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Mark J. Politan
**POLITAN LAW, LLC**
88 East Main Street, #502
Mendham, New Jersey 07945
(973) 768-6072
mpolitan@politanlaw.com

*Subchapter V Trustee*

In Re:

ALEXANDRE J. DACOSTA and
VIVIANNE C. ANTUNES,

                      Debtors.

Case Nos.: 22-18303 (JKS)

Chapter: 11
Subchapter V

## CERTIFICATION OF MARK J. POLITAN IN SUPPORT OF APPLICATION FOR COMPENSATION AS SUBCHAPTER V TRUSTEE

**MARK J. POLITAN**, of full age, hereby certifies as follows:

1. I am a member of Politan Law, LLC and submit this certification in connection with my application for compensation for services rendered as Subchapter V Trustee to the above-referenced Debtors.

2. On December 22, 2022, I was appointed as the Subchapter V Trustee by the Office of the United States Trustee. A true copy of my appointment and verified statement are annexed hereto as **Exhibit A**.

3. Since my appointment, I have engaged with the Debtors through their counsel and creditors to evaluate and address issues necessary to allow the Debtors to propose a confirmable plan of reorganization. Those services included: (a) attending the initial debtor interview and initial status conference; (b) attending the Section 341 meeting and coordinating with the Office of the United States Trustee re: administrative issues for managing of the converted chapter 13 case; (c) engaging

in multiple discussions with Debtors' counsel re: plan strategy; (d) multiple follow-up inquiries re: status of plan drafting, settlement discussions with creditors including various floor plan lenders and non-dischargeability claimants; (e) conferring with Debtor's counsel re: sale of assets and discussions with secured lenders; (f) addressing filed proofs of claim and supporting documents; (g) addressing motion to lift stay re: repossessed vehicles; (h) conferring with counsel to corporate entity and counsel for UST office re: joint administration and prospects for joint plan; (i) reviewing proposed plan of reorganization to make revision suggestions and edits to address applicable statutory requirements; and (j) engaging with Debtors' counsel and UST re: consent of creditors to plan, balloting and impact of non-consensual plan.  A detailed description of the services provided and time expended for each task, together with all expenses incurred is included in the timesheets annexed hereto as **Exhibit B**.

4. In accordance with Title 18 U.S.C. Section 155 and the Rules of this Court, neither I nor any member of this firm has entered into any agreement, written or oral, express or implied, with the Debtor, creditors or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtor.

5. In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any member thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me, or any member of this firm.

6. I certify that the foregoing statements made by me are true.  I am aware that if any statements are willfully false, I am subject to punishment.

Dated: April 30, 2023                  By:   */s/ Mark J. Politan*
                                                                                  MARK J. POLITAN