UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Peter J. D'Auria, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Alexandre Dacosta and | : | Case No. 22-18303(JKS) |
| Viviane Antunes, *et al.*[1], | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |

Hearing Date: May 23, 2023 at 10:00 a.m.
Judge: Honorable John K. Sherwood

## LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO SMALL BUSINESS DEBTORS' PLAN OF REORGANIZATION

Andrew R. Vara, the United States Trustee for Regions 3 & 9 ("U.S. Trustee"), by and through his undersigned attorney, hereby files this limited objection ("Limited Objection") to the Jointly Administered Small Business Debtors' Second Amended Joint Plan of Reorganization (the "Plan"). In support of the Limited Objection, the U.S. Trustee respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction to hear and determine this Objection.

---

[1] The jointly administered Debtors are Alexandre Dacosta and Vivianne Antunes, having SSNs with the last four digits of 2325 and 0411, respectively, and BAV Auto, L.L.C., having a TIN with the last four digits 7479.

2.     Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3.     Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Plan and the issues raised in this Objection.

## BACKGROUND

*The Bankruptcy Cases:*

4.     On October 6, 2022, (the "Corporate Petition Date"), BAV Auto LLC (the "Corporate Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code under case number 22-17933(JKS) (the "Corporate Case"). *See* ECF No. 1 of the Corporate Case. To date, the Corporate Debtor remains in possession of its property and management of its affairs as a debtor-in-possession.

5.     On October 19, 2022, (the "Individuals Petition Date"), Alexandre J. Dacosta and Vivianne C. Antunes (the "Individual Debtors") (the Corporate Debtor and the Individual Debtors collectively referred to herein as the "Related Debtors") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case number 22-18303(JKS) (the "Individuals Case"). *See* ECF No. 1 of the Individuals Case. On December 20, 2022, the Court entered an Order which converted the Individuals Case to a chapter 11 proceeding, and further

recognized the Individual Debtors choosing to proceed under subchapter V of the Bankruptcy Code.  *See* ECF No. 40 of the Individuals Case.

***The Plan:***

6.      On April 3, 2023, the Related Debtors filed the Plan.  The Plan is presented as a "joint" plan, in that it serves as the proposed plan for both the Corporate Debtor and the Individual Debtors.  *See*, Plan pg. 3.

## **LIMITED OBJECTION**

7.      The Plan appears to comingle certain debts of both Related Debtors, as well as the treatment.  Particularly, the unsecured claims of both Related Debtors appear to be comingled into Class 13, with all such creditors of both Debtors getting the same treatment (not including the treatment of separate and distinct claims as outlined in Classes 14-16).

8.      While many debts are shared by both Related Debtors, certain aspects of the Individuals Case stand separate and distinct from the Corporate Case.  For example, the Individuals Case includes a piece of real estate, namely 80 Columbia Avenue, Kearney NJ, listed on Schedule A/B with a value of $435,000.00, with a mortgage on Schedule D in the amount of $189,253.00.  *See*, Individual Debtor's Schedules filed at docket entry 11 of the Individuals Case; ownership of this asset is not shared with the Corporate Debtor.

9.      A further review of the schedules in these cases indicates that the asset pools, and the creditor bodies, are distinct.  With regard to assets, the Individual Debtors scheduled the real estate at 80 Columbia Avenue, Kearney NJ, vehicles that included two (2) BMWs, a Porsche, and a Lamborghini, bank accounts with an aggregate cash value of approximately $143,000.00, and two (2) personal injury settlements in the aggregate amount of approximately $71,000.00, all of which are assets that do not appear on the Corporate Debtor's schedules.  *See*, Schedule A/B

filed in the Individuals Case at docket entry 11. With regard to debts, there are a number of creditors listed in the Individuals Case that are not included in the Corporate Case, but just a few illustrate how distinct the creditor bodies are, those being Ally Financial at $24,830.48 (Schedule E/F entry 4.2), Best Egg at $22,465.00 (Schedule E/F entry 4.8), Discover Bank at $39,563.00 (Schedule E/F entry 4.18), Discover Personal Loans at $21,826.00 (Schedule E/F entry 4.20), Lending Bank at $40,341.00 (Schedule E/F entry 4.29), Lightstream at $97,499.00 (Schedule E/F entry 4.31), and SOFI Bank at $40,000.00 (Schedule E/F entry 4.39). *See*, Schedule E/F filed in the Individuals Case at docket entry 13.

10. By comingling creditors and their treatment across both Related Debtors in the Plan, the Plan appears to propose a substantive consolidation of the two estates for purposes of distribution under the Plan.

11. The Third Circuit in *In re Owens Corning*, articulated its view of the five principles to be advanced in applying the doctrine of substantive consolidation, and why, as a result, the remedy should be used sparingly: (i) limiting the cross-creep of liability by respecting entity separateness is a fundamental ground rule; (ii) the harms consolidation addresses are usually those caused by the debtors who disregard separateness; harms caused by creditors are generally remedied by provisions in the Bankruptcy Code; (iii) mere benefit to administering the bankruptcy case is not sufficient; (iv) the extreme and imprecise remedy of consolidation should be rare and one of last resort; and (v) consolidation may be used defensively to remedy identifiable harms caused by entanglement, but not offensively. *See*, *In re Owens Corning*, 419 F.3d 195, 211 (3d Cir. 2005). Based on these principles, the Third Circuit articulated a test for the substantive consolidation of estates, that requires debtors to establish, absent consent, that (i) prepetition, the entities disregarded separateness so significantly that their creditors relied on this failure and

treated the entities as one, or (ii) post-petition, their assets and liabilities are so entangled that separating them is prohibitive and will hurt all creditors.  *See*, *id.*

12. As the Plan is presented, it appears the Debtors are proposing to substantively consolidate the estates of the two Related Debtors.  Absent consent by creditors for such treatment, in order to support the Plan's request for substantive consolidation, the Debtor's must establish that (i) the entities disregarded separateness so significantly that their creditors relied on this failure and treated the entities as one, or (ii) post-petition, their assets and liabilities are so entangled that separating them is prohibitive and will hurt all creditors.

***Reservation of Rights:***

13. The U.S. Trustee leaves the plan proponents to meet their burden and reserves all rights, remedies, and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection.

WHEREFORE, the U.S. Trustee respectfully asserts that, absent consent by the Related Debtors' creditors, the Related Debtors must establish the requirement(s) of the *Owens Corning* test for substantive consolidation as outlined above, in order for the Plan as presented to be confirmed.

    Respectfully submitted,

    ANDREW R. VARA
    UNITED STATES TRUSTEE
    REGIONS 3 & 9

    By:   */s/ Peter J. D'Auria*
         Peter J. D'Auria
         Trial Attorney

Dated:  May 12, 2023