UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BAV AUTO, L.L.C, | ) | Case No. 22-17933-JKS |
| | ) | Chapter 11, Subchapter V |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ALEXANDRE J. DACOSTA, and | ) | Case No. 22-18303-JKS |
| VIVIANNE C. ANTUNES, | ) | Chapter 11, Subchapter V |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF AUTOMOTIVE FINANCE CORPORATION TO
JOINTLY ADMINISTERED SMALL BUSINESS DEBTORS'
SECOND MODIFIED JOINT PLAN OF REORGANIZATION**

Automotive Finance Corporation ("AFC"), by counsel, submits its objection to the *Jointly Administered Small Business Debtors' Second Modified Joint Plan of Reorganization* (the "Modified Plan") [DE 105] filed jointly by BAV Auto, L.L.C. ("BAV") and Alexandre J. Dacosta ("Dacosta") and Vivianne C. Antunes ("Antunes," and together with Dacosta the "Individual Debtors"). In support of its objection, AFC states as follows:

**I. Jurisdiction and Venue**

1. The Court has jurisdiction over the Modified Plan and this Objection pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a contested matter pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, and a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue of this bankruptcy case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. General Background

4. On October 6, 2022, BAV filed a voluntary petition under Subchapter V of Chapter 11 of the Bankruptcy Code.

5. On October 19, 2022, the Individual Debtors filed a joint petition under Chapter 13 of the Bankruptcy Code. On December 20, 2022, the Chapter 13 case was converted to one under Subchapter V of Chapter 11 of the Bankruptcy Code.

6. On February 13, 2023, the Court entered its Order [DE 81] granting the motions of the Individual Debtors and BAV for joint administration of their bankruptcy cases.

7. AFC was a secured floorplan lender to BAV, and made prepetition advances to BAV to permit it to purchase automobile inventory in the operation of its business. AFC asserts a properly perfected blanket lien on all assets of BAV by virtue of this lending relationship.

8. Antunes is the sole member of BAV, and Dacosta was the operations manager of BAV. In connection with the loan documents entered into by BAV and AFC, Antunes and Dacosta have each guaranteed the obligations of BAV to AFC.

9. On December 15, 2022, AFC filed proof of claim no. 11 in the BAV case asserting a secured claim in all assets of BAV in the amount of $437,938.90. No objection has been asserted to this claim.

10. On December 22, 2022, AFC filed proof of claim no. 19 in the Individual Debtors' case asserting an unsecured claim in the amount of $423,573.09. No objection has been asserted to this claim.

11. On December 22, 2022, AFC also filed proof of claim no. 20 in the Individual Debtors' case asserting a secured claim in the amount of $24,015.86 arising out of the sale by BAV to Dacosta of a 2013 Porsche Cayenne. No objection has been asserted to this claim.

12. On January 11, 2023, AFC commenced Adversary Proceeding No. 23-01011-JKS (the "Adversary Proceeding") against the Individual Debtors seeking a determination that the debt owing to AFC from the Individual Debtors is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). The Adversary Proceeding remains pending.

13. BAV and the Individual Debtors filed the Modified Plan on April 3, 2023. Under the Plan, AFC holds a secured claim and is the sole member of impaired Class 6, a general unsecured claim in impaired Class 13, and a general unsecured claim in impaired Class 14.

### III. AFC's Limited Objection

14. The Modified Plan proposes an opt-in provision pursuant to which AFC may elect to settle the Adversary Proceeding in exchange for the allowance and treatment of its Class 14 general unsecured claim. The mechanics of the opt-in are not entirely clear, and the Modified Plan does not indicate what will become of AFC's Class 14 claim or the Adversary Proceeding in the event AFC opts out.

15. AFC does not consent to settlement of the Adversary Proceeding on the terms set forth in the Modified Plan and opts out of the proposed treatment of its Class 14 general unsecured claim.

### IV. Conclusion

16. For the foregoing reasons, AFC objects to the Modified Plan to the extent it seeks to resolve the Adversary Proceeding, impairs any of the claims asserted by AFC in the Adversary Proceeding, or affects in any way AFC's right to pursue its claims in the Adversary Proceeding.

Dated: May 15, 2023             /s/ *Donna L. Thompson, Esq.*
                                                         DONNA L. THOMPSON
                                                         Attorney for Plaintiff
                                                         *PHYSICAL ADDRESS:*
                                                         1442 Lakewood Road
                                                         Manasquan, NJ  08736
                                                         *SEND ALL MAIL:*
                                                         PO Box 679
                                                         Allenwood, NJ  08724
                                                         732-292-3000 Phone
                                                         732-292-3004 Fax
                                                         Donna.thompson@dlthompsonlaw.com