MATTHEW J. PLATKIN
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 106
Trenton, New Jersey 08625
Attorney for State of New Jersey,
 Division of Taxation

By:   Valerie Hamilton (NJ Bar ID 018201995)
      Deputy Attorney General
      Valerie.Hamilton@law.njoag.gov
      (609) 376-3256

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ALEXANDRE DACOSTA<br>and VIVIANNE ANTUNES,<br><br>                            Debtors. | Hon. John K. Sherwood<br><br>Chapter 11<br>(Subchapter V)<br><br>Case No. 22-18303-JKS<br>Jointly Administered |
| In re:<br><br>BAV AUTO, LLC,<br><br>                            Debtor. | Case No. 22-17933-JKS<br><br>**Hearing Date: May 24, 2023<br>                          10:00 a.m.** |

**OBJECTION OF THE STATE OF NEW JERSEY, DIVISION OF TAXATION TO CONFIRMATION OF SMALL BUSINESS DEBTORS' SECOND MODIFIED JOINT PLAN OF REORGANIZATION**

_____

The State of New Jersey, Division of Taxation ("Taxation") objects to confirmation of the jointly administered Small Business Debtors' Second Modified Joint Plan of Reorganization (the "Plan"), and in support thereof, Taxation states and represents as follows:

1. The Plan is unconfirmable under 11 U.S.C. § 1191 because the Debtors have not demonstrated that both they and the Plan satisfy the requirements of 11 U.S.C. § 1129(a)(2) and (11).

## BACKGROUND

2. On October 6, 2022, BAV Auto, LLC ("BAV Auto") filed a voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code. Doc. No. 1.

3. On October 19, 2022, Alexandre Dacosta and Vivianne Antunes (the "Individual Debtors") jointly filed a voluntary petition for relief under Chapter 13. Doc. No. 1. By Order dated December 20, 2022, their case was converted to a case under Chapter 11, Subchapter V, of the Bankruptcy Code and jointly administered with BAV Auto's bankruptcy case.

4. On March 2, 2023, Taxation filed a proof of claim against BAV Auto, Claim No. 15-1, consisting of:

  a. A priority claim for underpayment of Sales & Use Tax ("S&U") for Q1, Q2, and Q3 of the 2022 tax year, in the amount of $85,005.88;

  b. A priority claim for delinquent filing of Corporation Business Tax ("CBT") returns for the 2019, 2020, and 2021 tax years, in the estimated amount of $15,000.00; and

  c. A priority claim for delinquent filing of tire fee (TIR-100) returns ("Tire") for Q1, Q2, and Q3 of the 2022 tax year, in the estimated amount of $1,500.00.

5. On April 3, 2023, the Debtors jointly filed the Plan. Doc. No. 105.

## OBJECTION

### THE COURT SHOULD DENY CONFIRMATION OF DEBTORS' PLAN BECAUSE IT FAILS TO SATISFY THE REQUIREMENTS OF 11 U.S.C. § 1191.

6. Confirmation of the Debtor's Subchapter V plan is not available under Section 1191 because the Debtor has not satisfied all of the applicable requirements of Section 1129(a) of the Bankruptcy Code, including 11 U.S.C. § 1129(a)(2) and (11).

7. Specifically, Debtors have failed to demonstrate compliance with 11 U.S.C. § 1129(a)(2) and (11).

8. Pursuant to Section 1129(a)(2), a court may confirm a plan only if the plan complies with all applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(2). Section 1106(a)(6) provides that "[a] trustee shall . . . for any year

3

for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed . . .").  Section 1184 requires small business debtors under Subchapter V to comply with the requirements of section 1106(a)(6) of the Bankruptcy Code.

9. BAV Auto has not filed all required returns, including CBT returns for the 2019, 2020, and 2021 tax years and Tire Fee returns for Q1-Q3 of the 2022 tax year.

10. Section 1129(a)(11) requires that the Debtors demonstrate that confirmation "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11).  In short, the Bankruptcy Code requires a debtor to demonstrate that its plan is feasible.

11. Here, Taxation has filed a priority claim in the amount of $101,505.88, of which $85,005.88 represents S&U taxes reported, but underpaid, by BAV Auto.

12. The Plan provides that Taxation's allowed priority claim will be paid in full, on the later of (i) the Effective Date of the Plan, or (ii) the date the claim is allowed, if objection is filed to the claim.  See Plan, Section 2.2.

13. Section 2.5 of the Plan provides that Debtors will fund payments to priority creditors under the Plan by contributing (i) the proceeds of sale of a 1988 BMW ($10,600, per Plan, Section 1.9), (ii) $125,000 from the Individual Debtors' pre-petition depository accounts; (iii) the Individual Debtors' post-petition and post-confirmation income; and (iv) withdrawals of home equity or retirement savings.  The Individual Debtors' Schedule I/J show monthly net income of <u>negative</u> $10,589.75, and a representation that the budget will likely be negatively affected by their newborn baby.  Doc. No. 11.  Even with new employment as a car salesman ($750/wk.) and bookkeeper ($60,000/yr), the Debtors will still have negative monthly cash flow.

14. BAV Auto has not carried its burden to demonstrate its financial wherewithal to satisfy Taxation's priority tax claim in accordance with the terms of the Plan, as required by 11 U.S.C. § 1129(a)(11).

15. Finally, the Plan does not provide Taxation with any remedy in the event of the Debtors' default under the Plan, as required by 11 U.S.C. § 1191(c)(3)(ii)

## CONCLUSION

WHEREFORE, for the foregoing reasons, Taxation respectfully requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Respectfully submitted,

MATTHEW J. PLATKIN
Attorney General of New Jersey

By: /s/ Valerie Hamilton
Valerie Hamilton
Deputy Attorney General

Dated: May 17, 2023