**Caption in compliance with D.N.J. LBR 9004-1(b)**
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ 07631
(201) 871-1333
Attorneys for Debtor-in-Possession
*By: John O'Boyle, Esq, (JO – 6337)*
   *joboyle@norgaardfirm.com*

| In re:<br><br>**ALEXANDRE DACOSTA and VIVIANNE ANTUNES,**<br><br>Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Chapter 11 (Small Business Subchapter V)<br>(Jointly Administered)[1]<br><br>Case No. 22-18303 JKS<br><br>Hearing Date: July 6, 2023 |
|---|---|

**FIRST INTERIM APPLICATION OF NORGAARD, O'BOYLE & HANNON
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS COUNSEL TO INDIVIDUAL DEBTORS PURSUANT TO 11 U.S.C. SEC. 330
AND 331, FED. R. BANKR. P. 2016 AND D.N.J. LBR 2016-1**

TO:  Honorable John K. Sherwood
      UNITED STATES BANKRUPTCY COURT

Norgaard, O'Boyle & Hannon ("Applicant"), as attorneys to the Debtors and Debtors-in-Possession Alexandre Dacosta and Vivianne Antunes (the "Individual Debtors") in the above-captioned jointly administered cases, submits the following First Interim Application for Compensation and Reimbursement pursuant to 11 U.S.C. Sec. 330 and 331, Fed. R. Bankr. P. 2016 and D.N.J. LBR 2016-1.

1. On October 6, 2022, BAV Auto, LLC ("BAV") filed a petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code, commencing case no. 22-17933 JKS. On October 19, 2022, the Individual Debtors filed a petition for relief under Chapter 13 of the

---

[1] The jointly administered Debtors are Alexandre Dacosta and Vivianne Antunes, having SSNs with the last four digits of 2325 and 0411, respectively, and BAV Auto, L.L.C., having a TIN with the last four digits 7479.

Bankruptcy Code, commencing case no. 22-18303. On November 15, 2022, the Individual Debtors filed a motion seeking conversion of their case to Chapter 11, Subchapter V, and seeking joint administration of their case with BAV's case (ECF No. 15). By order dated December 20, 2022, this Court converted the Individual Debtors' case to Chapter 11, Subchapter V (ECF No. 40). By order dated February 13, 2023, this Court directed the joint administration of the two cases under the caption of the Individual Debtors' case (ECF No. 81).

2. On November 28, 2022, prior to conversion of their case to Chapter 11, the Individual Debtors moved to retain Applicant as their counsel (ECF No. 28). By order dated December 30, 2022, this Court entered an order authorizing the Individual Debtors' retention of Applicant (ECF No. 51). Annexed hereto as **Exhibit A** is a copy of the **Order Authorizing Retention of Counsel**.

3. This is Applicant's first application for allowance of compensation and reimbursement of expenses; it covers the period from October 17, 2022 through May 19, 2023 (the "Compensation Period"). Through this application, Applicant seeks allowance of compensation earned during the Compensation Period in the amount of $76,886.75. Applicant seeks reimbursement of expenses in the amount of $5,670.86. Thus, the total allowance of compensation and reimbursement requested herein is $82,557.61. Applicant requests payment of that amount as an administrative expense, less the $6,775.00 previously received from the Debtors, for a net payment of $75,782.61.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED
## AND EXPENSES INCURRED

4. During the Compensation Period, Applicant's attorneys and paraprofessionals devoted 226.85 hours toward the matter. It rendered substantial professional services on behalf

for the Debtor, including the following:

  A. counseling the Individual Debtors regarding their options under the Bankruptcy Code; assisting them to identify their assets and liabilities; studying their financial condition and analyzing related legal issues;

  B. preparing and filing the petition and related schedules and statements of financial affairs, and representing the Individual Debtors at the Meeting of Creditors and Initial Debtor Interview with the US Trustee;

  C. assisting the Individual Debtors to collect and analyze documents and information needed to address the US Trustee's requirements of Chapter 11 Debtors and to comply with its operating guidelines;

  D. communicating frequently with various creditors and their counsels, counsel to BAV, the Subchapter V trustee, the US Trustee's office, and other interested parties;

  E. seeking the joint administration of the cases;

  F. developing and proposing a Joint Chapter 11 Plan and two modified joint plans, soliciting acceptances, and preparing for confirmation.

  5. In addition to the services described above, Applicant performed numerous services described in the **Time Detail** attached as **Exhibit B**. The services include, but are not limited to, research and factual investigations; preparing for and attending meetings and hearings; addressing legal issues with the Individual Debtors; and communicating with the Individual Debtors, their representatives and other interested parties. Applicant regularly kept the Individual Debtors informed of the progress of the case and matters arising within it.

  6. As described on the Time Detail, Applicant seeks no compensation for time expended on many routine communications or conferences and other services.

7. The foregoing description of Applicant's legal service is a summary only. Applicant respectfully submits that its services were necessary and valuable to the Individual Debtors, BAV, and their estates, and were in the estates' best interests. The compensation that Applicant requests is commensurate with the nature and complexity of the issues involved. Applicant respectfully submits that it provided services in an expeditious and efficient manner.

**RELIEF REQUESTED**

8. The legal services provided by Applicant during the Compensation Period required Applicant to devote 226.85 recorded hours by Applicant's attorneys, paraprofessionals and clerical staff. During the Compensation Period, Applicant's hourly billing rates for attorneys and paraprofessionals ranged from $90.00 per hour to $425.00 per hour. The legal services provided by Applicant are described in the **Time Detail** attached at **Exhibit B**.

9. Applicant has incurred $5,670.86 in direct out-of-pocket expenses in providing legal services during the Compensation Period. The charges relate to Applicant's direct operating expenses, which expenses are not incorporated into Applicant's billing rates. Applicant's out-of-pocket expenses are described in the detailed in the **Time Detail** attached as **Exhibit B**.

10. Under 11 U.S.C. Sec. 330, this Court may award Applicant "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. Sec. 330(a)(1). Section 330 requires the Court to determine that the services provided by a professional seeking compensation were necessary, before examining the reasonableness of the services. *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.J. 1995). The Courts consider services to be "necessary" if they benefitted the bankruptcy estate. Id. The test for determining whether services were necessary is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances. *In re APW Enclosure Syst., Inc.*, No.

4

06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007), citing *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996)).  The test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions.  *See* id. (citing *Keate v. Miller (In re Kohl)*, 95 F.3d 713, 714 (8th Cir. 1996)).

11. In addition to determining whether the services for which a professional seeks compensation were necessary, the Court must determine whether the compensation sought is reasonable.  11 U.S.C. Sec. 330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. Sec. 330(a)(3).

12. In the above-captioned case, Applicant devoted substantial time and effort addressing numerous complex and contentious issues.  Applicant respectfully submits that the services for which it seeks compensation were necessary to effectively represent the Individual Debtors and the interests of the estate; that they benefitted the estate; and that the services were

5

performed economically and effectively. Accordingly, Applicant respectfully submits that it performed "actual and necessary" services compensable under 11 U.S.C. Sec. 330.

WHEREFORE, Applicant respectfully requests an interim allowance in the amount of $82,557.61 for compensation and reimbursement earned or incurred during the Compensation Period. Applicant requests payment of such allowance, less the $6,775.00 previously received, as an administrative expense.

I certify that the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.


Dated:  5/30/2023               /s/ John O'Boyle
                                                John O'Boyle, Esq.
                                                Norgaard, O'Boyle & Hannon
                                                Counsel to Individual Debtors,
                                                Alexandre Dacosta and Vivianne Antunes