IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: <br> BAV Auto LLC <br><br> Debtor | : <br> : <br> : <br> : <br> : | CHAPTER 11 <br><br> BANKRUPTCY NO. 22-17933(JKS) |
| IN RE: <br> Alexandre Dacosta and Viviane Antunes <br> Debtors | : <br> : <br> : <br> : <br> : <br> : <br> : | CHAPTER 11 <br><br> BANKRUPTCY NO. 22-18303(JKS) <br><br> Hearing Date: June 13, 2023 at 10:00 a.m. <br> Judge: Honorable John K. Sherwood |

**OBJECTIONS OF WESTLAKE FLOORING SERVICES TO CONFIRMATION OF DEBTORS' SECOND MODIFIED JOINT PLAN OF REORGANIZATION**

TO THE HONORABLE JOHN K. SHERWOOD
OF THE BANKRUPTCY COURT:

Westlake Flooring Company, LLC d/b/a Westlake Flooring Services ("Westlake"), by and through its counsel, LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO, objects to the confirmation of the Second Modified Joint Plan of Reorganization proposed by the Debtors and in support therefore states the following:

1. Westlake provided floor-plan financing to BAV Auto LLC for its purchase of vehicles.

2. Westlake holds a claim against BAV Auto LLC in the amount of $149,885.13 on account of said financing, and as against Ms. Antunes as guarantor.

3. On or about April 3, 2023, debtors filed a Second Modified Small Business Debtor's Joint Plan of Reorganization.

4. 11 U.S.C. Section 1190 (1)(C) provides that a plan must include projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization.

5. 11 U.S.C Section 1190 (2) further provides for submission of all or such portion of the future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan.

6. 11 U.S.C Section 1191(c)(3) contains feasibility requirements and requires that a debtor be able to make all payments under a plan or there is a reasonable likelihood that debtor will be able to do so.

7. The Plan, filed April 3, 2023, states that Alexandre Dacosta has received an employment offer and expects to begin work in March 2023. It is unknown as to whether this employment ever actually commenced.

8. The Plan further states that Ms. Antunes "expects" annual compensation of $60,000.

9. The Plan proposes that the debtors would make monthly payments of $1,000 for 24 months, then $1,500 for months 25-59 followed by a balloon payment in month 60. The budget shows $1,092 in available monthly income, but the proposed payments for months 25-59 greatly exceed that amount.

10. Given the above regarding debtors' employment status, the plan is purely speculative and not feasible.

11. The proposed plan provides for a large balloon payment, but provides no projections as to how the individuals intend to fund this payment.

12. The proposed plan fails to comply with 11. U.S.C. Section 1191 (3)(B)(ii) in that it does not provide appropriate remedies to protect holders of claims and interests in the event that payments are not made.

13. The plan is objectionable in that it proposes to pay a higher dividend on unsecured claims where the creditors have commenced lawuits.

14. Debtor's Plan is not proposed in good faith.

WHEREFORE, Westlake Flooring Services prays that the Court sustain its objections, deny confirmation of Debtor's Second Modified Joint Plan of Reorganization, and for such other relief as is just and equitable.

LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO

DATED: June 6, 2023

/S/ REGINA COHEN
Regina Cohen, Esquire
Attorney for Westlake Flooring Services