UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Peter J. D'Auria, Esq. (PD 3709)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-Mail:  Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Alexandre Dacosta and Viviane Antunes, *et al.*[2], | Case No. 22-18303(JKS) (Jointly Administered) |
| Debtors. | Hearing Date:  Sept. 26, 2023 at 10:00 AM |

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE UNITED STATES TRUSTEE FOR AN ORDER
CONVERTING THE CASE OF BAV AUTO, LLC TO CHAPTER 7 OR, IN THE
ALTERNATIVE, DISMISSING THE CASE PURSUANT 11 U.S.C. § 1112(b)**

THE UNITED STATES TRUSTEE ("U.S. Trustee"), by and through counsel, in furtherance of his duties and responsibilities, hereby respectfully moves for an Order Converting the Case of BAV Auto, LLC to Chapter 7 or, in the Alternative, Dismissing the Case Pursuant to 11 U.S.C. §1112 (b) (the "Motion") and for such other and further relief as this Court deems just and appropriate.

1.  Under 28 U.S.C. § 586(a)(8), the U.S. Trustee has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112.  This duty is

---

[2] The jointly administered Debtors are Alexandre Dacosta and Vivianne Antunes, having SSNs with the last four digits of 2325 and 0411, respectively, and BAV Auto, L.L.C., having a TIN with the last four digits 7479.

part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

## BACKGROUND

2.  On October 6, 2022, (the "Corporate Petition Date"), BAV Auto LLC (the "Corporate Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code under case number 22-17933(JKS) (the "Corporate Case"). *See* ECF No. 1 of the Corporate Case. To date, the Corporate Debtor remains in possession of its property and management of its affairs as a debtor-in-possession.

3.  October 19, 2022, (the "Individuals Petition Date"), Alexandre J. Dacosta and Vivianne C. Antunes (the "Individual Debtors") (the Corporate Debtor and the Individual Debtors collectively referred to herein as the "Related Debtors") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case number 22-18303(JKS) (the "Individuals Case"). *See* ECF No. 1 of the Individuals Case. On December 20, 2022, the Court entered an Order which converted the Individuals Case to a chapter 11 proceeding, and further recognized the Individual Debtors choosing to proceed under subchapter V of the Bankruptcy Code. *See* ECF No. 40 of the Individuals Case.

4.  On February 13, 2023, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases of BAV Auto, LLC and Alexandre Dacosta & Vivianne Antunes* (the "Joint Administration Order"). *See* ECF No. 81 of the Individuals Case.

5. On April 3, 2023, the Related Debtors filed the *Jointly Administered Small Business Debtors' Second Modified Joint Plan of Reorganization* (the "Second Modifed Plan"). Plan. *See* ECF No. 105 of the Individuals Case.

6. A review of the docket of the Individual Case, as of this date, indicates that (i) on February 24, 2023 the Corporate Debtor filed monthly operating reports for the months October 2022, November 2022, and December 2022 (the "October BAV MOR", "November BAV MOR", and "December BAV MOR", respectively) (ECF Nos. 84, 85, and 86, respectively), and (ii) on March 2, 2023 the Corporate Debtor filed a monthly operating report for the month of January 2023 (the "January BAV MOR") (ECF No. 88 of the Individuals Case), and that (iii) the Corporate Debtor has not filed any monthly operating report for the months of February 2023 through July 2023 (inclusive).

7. We further note that a review of the docket of the Corporate Case, as of this date, indicates that the Corporate Debtor has not filed any monthly operating report on the Corporate Case docket since the inception of its case.

## ARGUMENT

8. 11 U.S.C. § 1112(b)(1) provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

9. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as ***including*** –

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a specific condition in the plan; and

(P) failure of the debtor to pay domestic support obligation that first becomes payable after the date of the filing of the petition.

10. It is well settled that the list of factors constituting "cause" are not exhaustive.

The legislative history for the statute provides in part, "[t]he court will be able to consider other

factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See*, *In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

***Deficiency in Timely Filing Monthly Operating Reports:***

11.     Pursuant to 11 U.S.C. §§ 704(a)(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases, which were distributed to the Corporate Debtor at the inception of the case.

12.     The reporting requirements mandate that (a) prior to confirmation, the debtor file monthly operating reports within 20-30 days following the end of each month and (b) after confirmation, that the debtor file quarterly reports within thirty days following the end of each calendar quarter.

13.     The Corporate Debtor has failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases. A review of the docket in this case indicates that, as of the filing of this Motion, the Corporate Debtor has not filed any monthly operating report since the since the period January 2020; with that, Monthly Operating Reports for the months February 2023 through July 2023 (inclusive) remain past due. The Corporate Debtor's failure to timely file monthly operating reports hinders the Court's, the U.S. Trustee's, and the creditors' ability to monitor the operations of the Corporate Debtor. For example, in the absence of reports, it is impossible to determine whether the Corporate Debtor is

current with post-petition obligations, has paid the correct quarterly fees to the United States Trustee Program, or has the ability to confirm a plan of reorganization.

14. The Corporate Debtor has failed to timely file monthly operating reports. The unexcused failure to satisfy timely any filing or reporting requirement is cause to convert or dismiss the case pursuant to 11 U.S.C. § 1112(b)(4)(F). Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1).

***Continuing Diminution of the Estate:***

15. Although the Corporate Debtor's financial reporting is significantly delinquent, as outlined above, what is last reported by the Corporate Debtor indicates continuing diminution of the Estate. The January BAV MOR shows cash on hand, at the end of that month, to be $96.93. *See*, January BAV MOR, question 23. The Second Modified Plan states that the Corporate Debtor has had "no business operations since the petition date of October 6, 2022." *Second Modified Plan*, pgs. 8-9. In sum, the Corporate Debtor has reported little to no cash, and has not operated since the Corporate Petition Date.

16. As the pendency of this proceeding continues, attendant chapter 11 administrative costs continue to accrue. After more than ten months under chapter 11 protection, the Corporate Debtor stands with no operations, is not reporting income, while the costs of this chapter 11 case continue to accrue. With that, on all accounts, it appears that there is a substantial or continuing loss to or diminution of the estate, as well as an absence of a reasonable likelihood of rehabilitation. Such circumstances constitute cause for conversion or dismissal of the Corporate Case pursuant to 11 U.S.C. § 1112(b)(4)(A). Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1).

***Gross Mismanagement of the Estate:***

17. As outlined above, the Corporate Debtor has not operated since the filing of its case, and is reporting no income. As outlined in the Second Modified Plan, the Corporate Debtor entered chapter 11 in crisis; "[a] review of the [Corporate Debtor's] vehicle sale history showed that approximately 65 vehicles were sold "out of trust" and New Jersey Division of Motor Vehicle Commission suspended and thereafter revoked [the Corporate Debtor's] dealer license on or around October 28, 2022." *Second Modified Plan*, pg. 8. The Second Modified Plan states that the game-plan for the Corporate Debtor is to "surrender the vehicles and other property of BAF on or before the Effective Date." *Second Modified Plan*, pg. 3.

18. The Plan is presented as a "joint" plan, in that it serves as the proposed plan for both the Corporate Debtor and the Individual Debtors. *See*, Plan pg. 3. As of the filing of this Motion, the Second Modified Plan is pending a confirmation hearing on September 12, 2023. However, proceeding toward a confirmation hearing has appeared to be challenging, as the docket indicates a number of plans filed and a number of adjournments as well.

19. It is not clear where, at present, are the Corporate Debtor's vehicles, how they are stored, or who is in possession of them. As the protracted nature of the pending confirmation hearing has frustrated these cases, the Corporate Debtor estate remains exposed to liability and/or risk of loss with regard to its vehicle inventory. The Second Modified Plan calls for the surrender of the vehicles, however, in the meantime the Corporate Debtor appears to be without the ability to appropriate preserve such vehicles. As a debtor-in-possession with a fiduciary duty to the entirety of its bankruptcy estate, allowing such circumstances to persist establishes gross mismanagement of the estate, and constitutes cause to convert this case to chapter 7, or

alternatively dismiss the case, pursuant to 11 U.S.C. § 1112(b)(4)(B). Accordingly, relief is warranted under Section 1112(b)(1).

## CONCLUSION

20. The U.S. Trustee submits that, based on a review of the record in this case, there is clear cause for either conversion to chapter 7 or dismissal of the Corporate Debtor's case. The U.S. Trustee respectfully submits that conversion should be considered with respect to what would be in the best interest of creditors; conversion would result in the appointment of an independent trustee who would liquidate any assets and investigate whether there are any avoidance causes of action which might lead to a distribution to creditors.

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court enter an Order Converting the Corporate Debtor Case or an Order Dismissing the Cases, and such other and further relief that is deemed just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 AND 9

_/s/ Peter J. D'Auria_
Peter J. D'Auria
Trial Attorney

DATED: August 25, 2023