| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-2(c) <br> THE LAW OFFICES OF STEVEN D. PERTUZ, LLC <br> 111 Northfield Avenue, Suite 304 <br> West Orange, NJ 07052 <br> Tele: (973) 669-8600 / Fax: (973) 669-8700 <br> Counsel to Debtor-in-Possession <br> By: Steven D. Pertuz, Esq. **(SDP-5632)** <br>     **spertuz@pertuzlaw.com** <br>     John O'Boyle, Esq. <br>     **joboyle@norgaardfirm.com (JO-6337)** | |
| In Re: <br><br> **BAV AUTO, L.L.C.** <br><br>            Debtor-in-Possession. <br><br> **ALEXANDRE DACOSTA and VIVIANNE ANTUNES** <br><br>            Debtors-in-Possession. | Chapter 11 <br> (Subchapter V Small Business) <br><br> Hon. John K. Sherwood <br><br> Case No. 22-17933 JKS <br><br><br><br> Case No. 22-18303 JKS |

**FEE APPLICATION BY STEVEN D. PERTUZ, LLC AS COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO:    THE HONORABLE JOHN K. SHERWOOD
          UNITED STATES BANKRUPTCY JUDGE

The Application of The Law Offices of Steven D. Pertuz, LLC ("SDPLLC"), counsel to BAV AUTO L.L.C., Debtor herein, respectfully states to the Court as follows:

1.      I am an attorney at law of the State of New Jersey and am duly admitted to practice before this Court.

2.      On October 6, 2022, BAV AUTO L.L.C., filed a Chapter 11, Subchapter V small business petition.

3. SDPLLC was retained to serve in the capacity of counsel to the Debtor by Order of this Court dated October 28, 2022, which retention was effective October 6, 2022. A copy of such retention Order is annexed hereto as **Exhibit A**.

4. The within Application represents SDPLLC's First Interim Application as Counsel to the Debtor and covers the time period from October 6, 2022 up to September 1, 2023.

5. Annexed hereto and made part hereof as **Exhibit B** is a copy of SDPLLC's invoice for professional services rendered. The invoice details the services rendered by myself and my staff, (if any), the hourly rate charged by myself and my assistant, and the actual time expended in the performance of such services. Said invoice reflects that SDPLLC has expended 133.60 hours in performing services for the Debtor, resulting in charges of $43,420.00 (this includes pre filing total services which Debtor accepts and has agreed to pay). The attorney hourly rate charged herein is $325.00 which your applicant believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services.

6. Also incorporated in the invoice for professional services rendered in **Exhibit B** is a detailed breakdown of all out of pocket disbursements incurred by SDPLLC in the performance of its duties as counsel to the Debtor, which total $2,063.00. The Cover Sheet to the Fee Application includes also includes an additional $200.00 for postage and courier fees for total out of pocket expenses to total $2,263.00.

7. Annexed hereto and made part hereof as **Exhibit C** is the Affidavit of Steven D. Pertuz, Esq., submitted in accordance with the provisions of Section 504 of the Bankruptcy Code.

8. The services performed by applicant in its capacity as counsel to the Debtor included:

   a. SDPLLC had an emergent meeting with the client regarding the preparation

and filing of a Chapter 11 Bankruptcy Petition and SDPLLC ultimately prepared and filed the Debtor's Bankruptcy Petition, Schedules and Statement of Financial Affairs on an emergent basis days before the imminent repossession of the Debtor's vehicle inventory.

      b.      SDPLLC appeared at meetings at the U.S. Trustee's Office, including the initial Debtor interview and 341(a) Meeting of Creditors.

      c.      SDPLLC prepared and filed various retention papers including papers to retain Debtor's counsel, appraiser and accountants.

      d.      SDPLLC assisted the Debtor with respect to the preparation and filing of Monthly Operating Reports and assisted the Debtor with its compliance with the U.S. Trustee's Chapter 11 Operating Guidelines.

      e.      SDPLLC received and responded to communications from many of the Debtor's creditors and the United States Trustee's Office regarding the Bankruptcy case.

      f.      SDPLLC participated in various hearings on behalf of the Debtor, such as Initial First Day Matters, Status Conferences, To Sell Property Free and Clear of Liens, To Approve Consent Orders for Relief from the Automatic Stay, To address Claims Objections and Applications for Retention of various professionals, and filed an original and various modified Small Business Plan and Disclosure Statement and have continued to address all objections thereto.  In addition, SDPLLC will be opposing a Motion To Convert Case To Chapter 7 or Dismiss.

      g.      SDPLLC has engaged in countless emails, phone calls and negotiations with opposing counsel in an effort to foster a quick resolution of Plan objections, the Sale of Debtor's property and vehicle inventory, claim resolutions and other matters.

      h.      SDPLLC engaged in negotiations with all counsel for the best resolution and

highest possible dividend to all creditors at of allowed claims.

9. In summary, in this Chapter 11 case, your applicant has performed a multitude of functions, requiring substantial time, expertise and effort which services remain ongoing.

10. SDPLLC believes that these services were both necessary and beneficial to the estate and all creditors.

**WHEREFORE**, SDPLLC respectfully requests the entry of the annexed Order, granting first interim allowances of compensation in the amount of $43,420.50 ($1,950.00 pre-filing services), together with reimbursement of actual out-of-pocket disbursements in the amount of $2,263.00, for a total award of $45,683.50, of which remains a balance due of $30,683.50. Counsel had received $15,000.00 total funds from Debtor, pre-petition, pending Court approval.

    Respectfully submitted,

    **THE LAW OFFICES OF STEVEN D. PERTUZ, LLC**

    /s/ Steven D. Pertuz
        Steven D. Pertuz, Esq.

Dated: August 31, 2023