THE LAW OFFICES OF STEVEN D. PERTUZ, LLC
111 Northfield Avenue, Suite 304
West Orange, NJ 07052
Tel: (973) 669-8600
Fax: (973) 669-8700
Attorneys for Debtor-in-Possession
BAV AUTO L.L.C.

By:   STEVEN D. PERTUZ, Esquire
      SDP-5632

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE |
| ALEXANDRE DACOSTA and VIVANNE ANTUNES *et al.* | Case No. 22-18303 (JKS) Jointly Administered |
| Debtors-in-Possession. | Chapter 11, Subchapter V |

**VERIFIED APPLICATION OF DEBTOR IN OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT THE CASE OF BAV AUTO L.L.C. TO CHAPTER 7, OR IN THE ALTERNATIVE, TO DISMISS THE BANKRUPTCY CASE AND GRANTING RELATED RELIEF**

TO:   THE HONORABLE JOHN K. SHERWOOD
      UNITED STATES BANKRUPTCY JUDGE

The Debtor, BAV AUTO, L.L.C. (hereinafter "BAV" or "Debtor"), by and through its counsel, The Law Offices of Steven D. Pertuz, LLC, submits this opposition and response to the United States Trustee's ("US Trustee") motion to convert the Debtor's Chapter 11 case to Chapter 7 or, in the alternative, to dismiss the Bankruptcy Case, pursuant to section 1112(b) of the United States Bankruptcy Code and Rule 1017(f) of the Federal Rules of Bankruptcy Procedure. In opposition to the motion, Debtor respectively represents to this Court as follows:

1.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The Debtor has had no continuous business operations since the petition date but it is still managing its affairs as a debtor in possession to orderly liquidate its assets either through the filed Plan and/or with creditor consent.

3.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or creditors' committee has been appointed in this chapter 11 case.

## BACKGROUND

## BACKGROUND OF THE DEBTOR

**Filing of the Debtor's Chapter 11 Case.**

4.  On October 6, 2022, the Debtor filed a voluntary petition for relief under the Bankruptcy Code bearing case number 22-17933.  The Chapter 11, Subchapter V case is pending in the Bankruptcy Court in Newark, New Jersey.

5.  On October 19, 2022, Alexandre J. DaCosta and Vivianne C. Antunes filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case number 22-18303 (JKS). The individual debtors own and manage the within Chapter 11 Debtor.  This individual case was converted to a Chapter 11 proceeding on December 20, 2022 and on February 13, 2023 the Court approved the Joint Administration of the BAV Auto L.L.C. case with the individual case of Alexandre J. DaCosta and Vivianne C. Antunes.  The point for consolidation was to effectively address a common creditor pool as mostly all of BAV's debt is guaranteed by the individuals and also to allow for the maximum amount of funds to be available for payment of all liabilities.

**Nature of the Debtor's Business and Income Generated.**

6.  BAV is a single member limited liability company created under the laws of the

State of New Jersey on August 23, 2011.  The sole purpose of creating the LLC was to operate a used car dealership under the trade name, Costa's Auto Gallery with a primary business location of 1829 State Highway Route 1, Rahway, NJ.  A secondary location for vehicle inventory was also previously located at 361 South Broad Street, Elizabeth, NJ.

7. When the business was fully operating, it employed 4 full-time employees and had the capacity to store approximately fifty cars on its two previously occupied lots.  Vivianne C. Antunes is the sole member of BAV and its operations manager was Alexandre J. Dacosta.  BAV's primary market was the sale of used, non-luxury vehicles to its broad range of customers throughout the NJ and NY metropolitan area.

8. Between the years of 2011 and 2019, BAV generated sufficient income to pay the expenses of operating itself and to make required debt service to its floorplan lenders, but in January of 2020, the onset of the global Covid-19 pandemic changed the business landscape entirely.  BAV was forced to shut down entirely for over two months in the early stages of the pandemic, then strict guidelines were imposed by the state to ensure social distancing safety measures were followed.  When the business was able to reopen full time, the volume of customers was dramatically reduced, and sales revenue suffered.  Operating expenses and debt continued to increase which forced BAV to seek quicker and higher risk financing with merchant cash advance lenders entering the picture to cover the revenue shortfall.  The belief that this was a temporary fix until sales improved proved to be a bad decision that started a chain of events that the Debtor simply could not recover from.

9. In or around October 28, 2022, BAV's dealer license was revoked by the New Jersey Division of Motor Vehicle Commission and it was no longer able to conduct business in

the State of New Jersey thereafter. As a result, BAV held custody of various vehicles on its lot and determined that liquidating or surrendering its vehicle inventory for reasonable value would be the most efficient means of dealing with a non-operational business debtor while in bankruptcy. Since the Jointly Administered Small Business Debtors' Joint Plan of Reorganization ("Joint Plan") was filed on January 4, 2023 and as thereafter amended, efforts to surrender these vehicles has been ongoing.

## OPPOSITION TO THE RELIEF REQUESTED AND AUTHORITY FOR DENIAL OF THE RELIEF

10. A review of the US Trustee's motion shows that the relief requested is not warranted and is premature as confirmation of the Joint Plan is scheduled for September 26, 2023 and progress continues to be made by BAV and the individual debtors resolving creditor objections and adversary actions, filing all outstanding tax returns and operating reports, surrendering additional vehicles back to secured creditors by way of approved consent orders and further discussing support of the plan with creditors prior to the confirmation date.

11. The Debtor is being portrayed as acting in bad faith because it has used the laws available to it to reorganize under the United States Bankruptcy Code and preserve its assets to effectively try to recover any equity value in the vehicles retained in order to reduce its significant debt. While the facts surrounding the Debtor's business affairs are far from ideal, the concerns raised by the US Trustee regarding unfiled operating reports has been resolved and any accrued Trustee fees can be paid immediately.

12. The US Trustee's papers state that BAV has not filed any monthly operating reports since the inception of the case in the Corporate case docket, however, this was only merely to ensure all filings occur in the main case as determined by the Court. The lack of filing of operating

reports in the Corporate case is merely a possible administrative error in an effort to comply with Joint Administration and nothing more than that. This notwithstanding, all reports through August, 2023 have been filed in main case and can easily be filed in the Corporate BAV case under docket number 22-17933 if necessary. Due to the lack of business activity, the reports reflect no income or expenses related to business which is of no surprise as this condition has existed since October of 2022. Pursuant to the US Trustee Guidelines, minimum quarterly fees will be owed for any open quarters and shall be paid. Therefore, conversion or dismissal on this basis is not warranted and the US Trustee's request should be denied.

13. Relevant caselaw has determined that Chapter 11 bankruptcy petitions are subject to dismissal under 11 U.S.C. §1112(b) unless filed in good faith and the burden is on the bankruptcy petitioner to establish good faith. *See In re 15375 Memorial Corp. v. Bepco, L.P, 589 F.3d 605 (3d Cir. 2009).* "Whether the good faith requirement has been satisfied is a fact sensitive inquiry in which the court must examine the totality of facts and circumstances and determine where a petition falls along the spectrum ranging from the clearly acceptable to the patently abusive". *15375 Memorial Corp. at 618.*

14. Pursuant to §1112(b)(4), dismissal for the term "cause" includes:

**(A)** substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

**(B)** gross mismanagement of the estate;

**(C)** failure to maintain appropriate insurance that poses a risk to the estate or to the public;

**(D)** unauthorized use of cash collateral substantially harmful to 1 or more creditors;

**(E)** failure to comply with an order of the court;

**(F)** unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

**(G)** failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

**(H)** failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

**(I)** failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

**(J)** failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

**(K)** failure to pay any fees or charges required under chapter 123 of title 28;

**(L)** revocation of an order of confirmation under section 1144;

**(M)** inability to effectuate substantial consummation of a confirmed plan;

**(N)** material default by the debtor with respect to a confirmed plan;

**(O)** termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

**(P)** failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. *§1112(b)(4)*

15.     The US Trustee's papers state that there exists a continuing diminution of the BAV Estate since no income is coming into the Estate to address increasing administrative and other related post-petition expenses.. The Debtor has always recognized this concern and the docket history will show that counsel for the Debtor has made only one modest fee application since the case inception despite aggressively coordinating efforts with co-counsel to file an original and modified Joint Plans of Reorganization as quickly as possible and also file a motion to sell all vehicle inventory free and clear of liens to a disinterested third party purchaser which said transaction ultimately could not completed and motion withdrawn.

16. BAV is contributing all of its assets by way of a vehicle inventory surrender to assist with funding the filed Joint Plan. This surrender in the Joint Plan assures that the individual debtors will receive the benefit of a credit for reasonable value for the remaining vehicle inventory. The offset to be generated with the reduction of the existing liabilities is critical to the Joint Plan and to the reduction of the bottom line figures ultimately to the individual debtors. BAV therefore, is bringing significant value to the Estate by eliminating some debt and reducing various secured and priority claims.

17. Although some lenders have been slow in seeking to recover its vehicle collateral to date, this is not due to a lack of effort by the Debtor. A confirmed Joint Plan ordering the return of any vehicle inventory for fair value shall ensure this benefit is realized. When looking at the alternative, administrative expenses for auctioneers, appraisers, special counsel, accounting and Chapter 7 Trustee commissions will significantly reduce the recovery for all creditors upon conversion.

18. The BAV case has gotten this far and so close to a confirmation hearing. It makes sense to see how confirmation will proceed with the filed modified Joint Plan before the Court should make a decision on this motion.

19. The US Trustee's final concern in its papers allege that the Estate of BAV has been grossly mismanaged throughout this case. This cannot be farther from the truth. The Debtor had agreed to a voluntary surrender of its dealer license and since the filing date has assisted numerous good faith purchasers obtain their replacement titles with the New Jersey Motor Vehicle Commission. The Debtor has acknowledged that mistakes were made and it has continued to do all that it can do to correct these mistakes. BAV has always provided full disclosure to the Court

and to the US Trustee on these matters.

20. In addition, the US Trustee's Office was made aware by way of the filed petition, testimony given at the initial debtor interview, the Debtor's 341(a) hearing and on several other occasions throughout the pendency of this case that BAV's vehicle inventory was originally on two lots with a primary business location of 1829 State Highway Route 1, Rahway, NJ. A secondary location for vehicle inventory was also located at 361 South Broad Street, Elizabeth, NJ but on or around December, 2022, all vehicles were transported to the Rahway location where the remaining vehicles are still there today.

21. These vehicles are stored on a private lot with 24 hour cctv surveillance cameras present. They are not being driven and therefore the vehicles are not exposed to ongoing wear and tear or miles being added to their odometers. Third party insurance is also covering any potential loss to owned or non-owned vehicles of the third party provided they are stored on the Rahway lot, therefore, any risk of loss and exposure to the Estate is minimal or de minimis at best. This insurance information will be provided to the US Trustee as soon as possible to verify same.

22. The Bankruptcy Court enjoys broad discretion in determining whether to grant relief under §1112(b). *See Lakefront Investors LLC v. Clarkson, 484 B.R. 72, 84-85, Bankr L. Rep. (CCH) P 82357 (D. Md. 2012).* In summary and based on the reasons set forth herein, there is no cause for dismissal or conversion and there is no bad faith by the Debtor in this case. Debtor only wishes to proceed to confirmation with hopes of obtaining a confirmable Plan as soon as possible. This will allow for the conclusion to the benefit of the Debtor, the individual debtors and the Bankruptcy Estate.

23. It is for the foregoing reasons that this motion must be denied in its entirety.

**WHEREFORE,** the Debtor respectfully requests the entry of an Order of this Court, denying US Trustee's motion to convert the Debtor's Chapter 11, Subchapter V case to Chapter 7 or in the alternative, to dismiss the case and grant the Debtor such other and further relief as is just and equitable.

By: /s/ Steven D. Pertuz
Steven D. Pertuz, Esq.
Steven D. Pertuz, LLC
111 Northfield Avenue
Suite 304
West Orange, NJ 07052

Dated: September 19, 2023

**VERIFICATION**

I, Vivianne Antunes, Sole and Managing Member of the Debtor, declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed on September 19, 2023      /s/ Vivianne Antunes
Vivianne Antunes

9