UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Peter J. D'Auria, Esq. (PD 3709)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-Mail: Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Alexandre Dacosta and Viviane Antunes, *et al.*[1], | Case No. 22-18303(JKS) (Jointly Administered) |
| Debtors. | Hearing Date: Sept. 26, 2023 at 10:00 AM |

**ORAL ARGUMENT REQUESTED**

**REPLY OF THE UNITED STATES TRUSTEE TO THE
VERIFIED APPLICATION OF DEBTOR IN OPPOSITION TO THE UNITED STATES
TRUSTEE'S MOTION TO CONVERT THE CASE OF BAV AUTO L.L.C. TO
CHAPTER 7, OR IN THE ALTERNATIVE, TO DISMISS THE BANKRUPTCY CASE
AND GRATING RELATED RELIEF**

THE UNITED STATES TRUSTEE ("U.S. Trustee"), by and through counsel, in

furtherance of his duties and responsibilities, hereby respectfully asserts this Reply to the

Verified Application of Debtor in Opposition to the U.S. Trustee's Motion to Convert the Case

of BAV Auto, L.L.C. to Chapter 7, or in the Alternative, to Dismiss the Bankruptcy Case and

Granting Related Relief (the "Reply") and respectfully states as follows:

1. Under 28 U.S.C. § 586(a)(8), the U.S. Trustee has a duty to "apply promptly" to

this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112.  This duty is

---

[1] The jointly administered Debtors are Alexandre Dacosta and Vivianne Antunes, having SSNs with the last four digits of 2325 and 0411, respectively, and BAV Auto, L.L.C., having a TIN with the last four digits 7479.

part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

## **BACKGROUND**

2.     On October 6, 2022, (the "Corporate Petition Date"), BAV Auto LLC (the "Corporate Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code under case number 22-17933(JKS) (the "Corporate Case"). *See* ECF No. 1 of the Corporate Case. To date, the Corporate Debtor remains in possession of its property and management of its affairs as a debtor-in-possession.

3.     October 19, 2022, (the "Individuals Petition Date"), Alexandre J. Dacosta and Vivianne C. Antunes (the "Individual Debtors") (the Corporate Debtor and the Individual Debtors collectively referred to herein as the "Related Debtors") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case number 22-18303(JKS) (the "Individuals Case"). *See* ECF No. 1 of the Individuals Case. On December 20, 2022, the Court entered an Order which converted the Individuals Case to a chapter 11 proceeding, and further recognized the Individual Debtors choosing to proceed under subchapter V of the Bankruptcy Code. *See* ECF No. 40 of the Individuals Case.

4.     On February 13, 2023, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases of BAV Auto, LLC and Alexandre Dacosta & Vivianne Antunes* (the "Joint Administration Order"). *See* ECF No. 81 of the Individuals Case.

5. On April 3, 2023, the Related Debtors filed the *Jointly Administered Small Business Debtors' Second Modified Joint Plan of Reorganization* (the "Second Modifed Plan"). Plan. *See* ECF No. 105 of the Individuals Case.

6. On August 25, 2023, the U.S. Trustee filed the Motion for an Order Converting the Case of BAV Auto, LLC to Chapter 7 or, in the Alternative, Dismissing the Case Pursuant to 11 U.S.C. §1112 (b) (the "Motion"). *See* ECF No. 142 of the Individuals Case.

7. On September 19, 2023, the Corporate Debtor filed the Application of Debtor in Opposition to the U.S. Trustee's Motion to Convert the Case of BAV Auto, L.L.C. to Chapter 7, or in the Alternative, to Dismiss the Bankruptcy Case and Granting Related Relief (the "Objection"). *See* ECF No. 155 of the Individuals Case.

## **ARGUMENT**

8. The U.S. Trustee incorporates by reference and restates the arguments made in the Motion.

9. In addition to the arguments contained in the Motion, the U.S. Trustee herein asserts an additional basis for either conversion to chapter 7 or dismissal of the Corporate Case pursuant to 11 U.S.C. § 1112(b)(4)(C) for failure to maintain appropriate insurance.

10. In the Objection, the Debter states that "[t]hird party insurance is also covering any potential loss to owned or non-owned vehicles of the third party provided they are stored on the Rahway lot." *Objection*, ¶ 21. The Debtor has provided a Certificate of Garage Insurance demonstrating such third party insurance, attached hereto as **Exhibit A**. (the "Insurance Certificate").

11. The Insurance Certificate indicates that the insured party is "Cars By AJ LLC," not the Corporate Debtor. The Insurance Certificate does not indicate that the Corporate Debtor

is an insured party. The address indicated for Cars By AJ LLC is 1829 US Hwy 1, Rahway, NJ 07065, which is the same address as the Debtor's Rahway lot. *See*, Objection ¶ 20.

12. It appears that Cars By AJ LLC is the entity that is in possession of the Debtor's Rahway lot, and in possession of the Debtor's remaining vehicle inventory. Additionally, the Second Modifed Plan states that "[s]ince the commencement of the case, Alexandre Dacosta has received an employment offer to work at Cars by AJ, a newly formed used-car agency in which none of the Debtors hold any interest." *Second Modifed Plan*, pg. 10.

13. The Objection states the insurance that is protecting the Debtor's vehicle inventory is "third party insurance." Moreover, the Insurance Certificate provided by the Debtor does not indicate that the Debtor is an insured party. With that, the Debtor's estate stands, at present, without insurance coverage protecting its remaining vehicle inventory. The Debtor's failure to maintain appropriate insurance that poses a risk to the estate or to the public is cause to convert or dismiss the case pursuant to 11 U.S.C. § 1112(b)(4)(C). Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1).

WHEREFORE, for the foregoing reasons in addition to the reasons stated in the Motion, the U.S. Trustee respectfully requests that this Court enter an Order Converting the Corporate Debtor Case or an Order Dismissing the Case, and such other and further relief that is deemed just and equitable.

                Respectfully submitted,

                ANDREW R. VARA
                UNITED STATES TRUSTEE
                REGIONS 3 AND 9

                */s/ Peter J. D'Auria*
                Peter J. D'Auria
                Trial Attorney

DATED: September 22, 2023